IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JEREMY C. CRAWFORD                                                                    PLAINTIFF

v.                                              CIVIL NO. 23-cv-3051

MARTIN J. O'MALLEY, Commissioner                                          DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Jeremy Crawford, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for DIB on October 20, 2020. (Tr. 14). In his application, Plaintiff alleged disability beginning on May 19, 2019, due to fibromyalgia, degenerative joint disease, asthma, chronic fatigue syndrome, anxiety, and depression. (Tr. 14, 278). An administrative hearing was held remotely on December 1, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 37–72). A vocational expert ("VE") also testified. *Id.*

On January 27, 2023, the ALJ issued an unfavorable decision. (Tr. 11–36). The ALJ found that Plaintiff suffered from the following severe impairments: chronic fatigue, fibromyalgia, morbid obesity, asthma, depression, anxiety, and significant osteoarthritis of the knees. (Tr. 16–

17). The ALJ found Plaintiff also suffered from the nonsevere impairments of mild obstructive sleep apnea, Raynaud's syndrome, mild degenerative disc disease of the lumbar spine, mild degenerative joint disease of the feet, hypertension, and headaches. *Id*. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17–19). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except he can occasionally climb ramps and stairs, stoop, knee, crouch, and crawl; can never [c]limb ladders, ropes, and scaffolds, or work around unprotected heights; must not have concentrated exposure to dust, fumes, or other pulmonary irritants; must be limited to office level noise (level 3); and must not be exposed to bright sunlight. In addition, the claimant is able to understand, remember, and carry out simple, routine, and repetitive tasks; can respond to usual work situations and routine work changes; and can have occasional social interaction with the general public. Finally, the claimant uses a cane to walk.
> (Tr. 19–29).

The ALJ found Plaintiff was unable to perform any of his past relevant work. (Tr. 29). With the help of the VE, the ALJ found Plaintiff would be able to perform the requirements of representative occupations such as document preparer, addresser, and tube operator. (Tr. 29–30). The ALJ found Plaintiff was not disabled from May 19, 2019, through January 27, 2023, the date of the decision. (Tr. 30). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the ALJ erred in failing to evaluate the combined effect of all of Plaintiff's impairments; 2) whether the ALJ's decision was supported by substantial evidence; and 3) whether the ALJ erred in the application of 20 C.F.R. §404.1529(c)(3) by failing to properly consider Plaintiff's subjective complaints. (ECF No. 11). Defendant argues that the ALJ properly considered Plaintiff's impairments in combination, and appropriately considered Plaintiff's subjective complaints. (ECF No. 13). Defendant argues that the decision was supported by substantial evidence including Plaintiff's reports of his daily activities, treatment records, and the medical opinion evidence. *Id*.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. While some evidence would support greater limitations than those found, the ALJ addressed those records and opinions and carefully weighed the evidence. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's

Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 24th day of June 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE